UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

DAVID POSCHMANN,

        Plaintiff,

v.                                    CASE NO.

TAYLOR ARCADE, INC.,

        Defendant.

_____/

## COMPLAINT

Plaintiff, David Poschmann, by and through his undersigned counsel, hereby sues the

Defendant, Taylor Arcade, Inc., for injunctive relief pursuant to the Americans With Disabilities

Act, 42 U.S.C. §12181, et seq. (the "ADA") and in support thereof states as follows:

### JURISDICTION

1.    This court has subject-matter jurisdiction since this action arises pursuant to 28

U.S.C. § 1331 and §1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon

Defendant's violations of Title III of the ADA.

### VENUE

2.    Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b) (2) because

Defendant is a resident of this district.

### PARTIES

3.    Plaintiff, David Poschmann, is an individual who is over eighteen years of age

and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited

in performing one or more major life activities due to the amputation of his right leg in 2012.

Plaintiff uses a wheelchair to ambulate. Plaintiff drives his own specially equipped vehicle and

has a valid disabled parking permit from the Florida Department of Highway Safety and Motor

Vehicles. Defendant's online hotel reservation system fails to comply with any of the requirements of 28 C.F.R. §36.302(e) and therefore Plaintiff's full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered thereon are restricted and limited because of Plaintiff's disability and will be restricted in the future unless and until Defendant is compelled to cure the substantive ADA violations contained on the hotel's online reservation systems. Plaintiff intends to visit the online reservation systems for Defendant's hotel in the near future and within ninety days to book a hotel room and utilize the goods, services, facilities, privileges, advantages and/or accommodations being offered and/or to test the online reservation systems for compliance with 28 C.F.R. §36.302(e).

4.      Defendant is the owner and operator of Island Cay Resort At Clearwater Beach, located at 648 Poinsettia Avenue in Clearwater Beach, Florida ("the Hotel"). The online reservation system for the Hotel is found at www.islandcayclearwaterbeach.com.

## CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA

5.      On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4)).

6.      Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the *Federal Register* to implement the

requirements of the ADA. Public accommodations, including places of lodging, were required to conform to these regulations on or before March 15, 2012.

7.     On March 15, 2012, new regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging". 28 C.F.R. §36.302(e) states:

"(1) *Reservations made by places of lodging.* A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

**(i)** Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

**(ii)** Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;[1]

**(iii)** Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

**(iv)** Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

**(v)** Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others."

8.     The Hotel is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA. The Hotel has an online reservation system whereby potential patrons may reserve a hotel room. The reservation system is subject to the requirements of 28 C.F.R.§ 36.302(e) and Defendant is responsible for said compliance.

---

[1] The United States Department of Justice, in "28 C.F.R. Appendix A to Part 36, Guidance on Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial Facilities", provides a section-by-section analysis of 28 C.F.R. §36.302(e)(1). In its analysis and guidance, the Department of Justice's official comments state that "information about the Hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do **not** comply with the 1991 Standards." An agency's interpretation of its own regulations, such as the Department of Justice's interpretation of 28 C.F.R. §36.302(e)(1), must be given "substantial deference" and "controlling weight" unless it is "plainly erroneous or inconsistent with the regulation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994).

9.      Most recently, during February, 2020 Plaintiff attempted to specifically identify
and book a guaranteed reservation for an accessible room at the Hotel through the Hotel's online
reservation system but was unable to do so due to Defendant's failure to comply with the
requirements set forth in paragraph 7.

10.     Plaintiff is an advocate of the rights of similarly situated disabled persons and,
pursuant to *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013), is a "tester"
for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether
places of public accommodation, including online reservation systems for places of lodging, are
in compliance with the ADA.

11.     Defendant has discriminated against Plaintiff by denying him access to and full
and equal enjoyment of the goods, services, facilities, privileges, advantages and
accommodations offered through the Hotel's online reservation system due to the substantive
ADA violations contained thereon.

12.     The online reservation system for Defendant's Hotel encountered by Plaintiff
when he visited it failed to comply with *any* of the requirements of 28 C.F.R. § 36.302(e)(1).
When Plaintiff visited the Hotel's online reservation system he tried to make a reservation for an
accessible guest room at the Hotel, since he requires an accessible guest room due to the
amputation of his right leg, but it was not possible to make such a reservation. It was possible to
reserve a guest room that was not accessible. For this reason Defendant has no policy, practice,
or procedure in place to ensure that individuals with disabilities can make reservations for
accessible guest rooms during the same hours and in the same manner as individuals who do not
need accessible rooms. This constitutes a violation of 28 C.F.R. § 36.302(e)(1)(i). When Plaintiff
visited the Hotel's online reservation system he searched the site for the identification and

descriptions of accessible features in the Hotel and guest rooms offered through the reservations service so that he could assess independently whether the hotel or a specific guest room met his accessibility needs in light of his disability but the reservations service contained no such descriptions at all. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(ii). In light of the foregoing, Defendant also necessarily violated 28 C.F.R. §36.302(e)(1)(iii)-(v) in that since the online reservations service does not describe any accessible guest rooms and does not, in turn, allow the reserving of such accessible guestrooms, the Website cannot hold such unavailable accessible rooms in the reservations system until all other rooms have been rented, block such unavailable accessible rooms from the system once reserved, and guaranty that such unavailable accessible guest rooms will be held for the reserving customer as required by sections (iii) - (v) respectively.

13.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to correct the ADA violations to the online reservation system for its Hotel and maintain the online reservation system and accompanying policies in a manner that is consistent with and compliant with the requirements of 28 C.F.R. §36.302(e).

14.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

15.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendant to implement policies, consistent with the ADA, to accommodate the disabled, by requiring Defendant to alter and

maintain its online reservation system in accordance with the requirements set forth in paragraph 7 above.[2]

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendant from continuing his discriminatory practices, ordering Defendant to implement policies, consistent with the ADA, to accommodate the disabled, through requiring Defendant to alter and maintain the online reservation system for the Hotel in accordance with the requirements set forth in paragraph 7 above, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

<div style="margin-left:40%">
s/Drew M. Levitt<br>
DREW M. LEVITT<br>
Florida Bar No: 782246<br>
drewmlevitt@gmail.com<br>
LEE D. SARKIN<br>
Florida Bar No. 962848<br>
Lsarkin@aol.com<br>
4700 N.W. Boca Raton Boulevard, Ste. 302<br>
Boca Raton, Florida 33431<br>
Telephone (561) 994-6922<br>
Facsimile (561) 994-0837<br>
Attorneys for Plaintiff
</div>

---

[2] The injunction, to be meaningful and fulfill its intended purpose, should require Defendant to develop, and strictly enforce, a policy requiring regular monitoring of its online reservation system. As rates and classes of rooms change at the hotel, and the number and type of beds, accommodations and amenities offered in the various room types change from time to time, the availability of accessible rooms must be re-dispersed across these various price points, classes, as well as across rooms with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the hotel, the online reservation system must continuously be updated to properly reflect and describe Defendant's compliance with the substantive ADA Standards regarding accessible hotel rooms in accordance with 28 C.F.R. 36.302(e)(1).